

1  Manuel Vargas
   12469 San Pablo Ave
2  Richmond, CA 94805

3

4  **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
   **COURTHOUSE**

5                                          **CV23      6338**

6  **MANUEL VARGAS,**               )  **CASE NO.:**
                                    )                                    **KAW**
7           Plaintiff,             )
                                    )  **CLAIM FOR DECLARATORY RELIEF**
8           vs.                     )
                                    )  **(1) Violation of Title 14 CFR §295.26-Failure to**
9  **EXPEDIA, INC.,**               )      **Prompt Refund**
   **PETER KERN,**                  )  **(2) Violation of Title 14 CFR §259.8(a)-Failure**
10 **ALASKA AIRLINES, INC.,**       )      **to Notify of Cancelation**
   **BENITO MINICUCCI,**            )  **(3) Violation of Title 14 CFR §399.79-Unfair**
11 **UNITED AIRLINES, INC.,**       )      **and Deceptive Practices For Failure To**
   **BRETT J. HART,**               )      **Refund Canceled Flight**
12                                  )  **(4) Breach of Contract**
            Defendants,            )  **(5) Unjust Enrichment**
13                                  )  **(6) Negligence**
                                    )  **(7) Defamation**
14                                  )  **(8) Fraud**
                                    )  **(9) Declaratory Relief**
15                                  )
   _____)

16

17   Comes now Plaintiff, Manuel Vargas seeking relief from Defendant's Expedia, Peter Kern, Alaska

18  Airlines, Benito Minicucci, United Airlines, and Brett J. Hart for the violations they have committed as

19  stated herein.

20                              **INTRODUCTION**

21  1.  On December 14, 2022, Plaintiff purchased through Expedia.com a roundtrip ticket that departed on

22  December 24, 2022, from San Francisco International Airport to fly to Seattle, Washington to then catch a

23  connecting flight to Pasco, Washington, with a return date of January 2, 2023, from Pasco, Washington to

24  Seattle, Washington with a connecting flight back to San Francisco, California, Itinerary Number
25
    72450185157250 see Exhibit A copy of Itinerary.
26

27  2.  On December 23, 2022, Plaintiff attempted to check in on Alaska's Airlines website several times

28  but kept getting the same massage that flight was cancelled, see Exhibit B screen shot of message, Plaintiff

    thought this was an error.

3.  On December 24, 2022, around 4 a.m. Plaintiff went to San Francisco International Airport, Alaska's Airlines desk to see if flight was really cancelled and if it was to see if another departing flight could be arranged, after two hours of waiting in line Plaintiff was told by an Alaska's Airline employee at front desk that flight was cancelled and after checking on the computer, told Plaintiff that their where no other flights available till the new year, she asked Plaintiff if he would like a refund, Plaintiff said yes and then employee was advised by phone that refund would have to be made through United Airlines, Plaintiff went to the United Airlies booth and was told that United Airlines had nothing to do with the booking and to contact Expedia.

4.  Plaintiff left and contacted Expedia to see what could be done, Expedia employee attempted to find flights but non where available so Plaintiff agreed to a refund Expedia employee told Plaintiff they needed confirmation from United that the flight was cancelled and told Plaintiff they would contact him within a few hours if not the following day, no one from Expedia contacted Plaintiff.

5.  On December 27, 2022, Plaintiff contacted Expedia again and employee told Plaintiff that United had Plaintiff as a "no show" and they told Plaintiff that Expedia was attempting to contact United to reopen the ticket, the call was disconnected and Plaintiff called Expedia back, this time it was a woman who helped Plaintiff and she told Plaintiff that they checked through the airlines website an through the tools Expedia has and that it showed that "no cancelation" was made by the airline, she then told Plaintiff that Expedia did not receive any notification from United Airlines or Alaskan Airlines that this flight was cancelled and that they would send another request to validate if flight was cancelled, she advised Plaintiff to contact United Airlines for a refund to be processed faster.

6.  Plaintiff called United Airlines and spoke with employee Juan, employee told Plaintiff that he attempted to process the refund but that the system would not allow him to process the refund and that Plaintiff would need to go to the United Airlines website and to submit a refund request, and if the online request was to refuse the refund to contact United Airlines by phone and to request to speak to a supervisor, that those where the procedures they were taught.  Plaintiff was transferred to a supervisor during the same call, Plaintiff spoke with supervisor Diego... Diego told Plaintiff that United was not able to process the refund since the tickets were bought through Expedia.com and that the flight was "not cancelled".  After

the call Plaintiff went to the United Airlines website and submitted a refund request.

7.   On December 27, 2022, United Airlines contacted Plaintiff via email in which they stated the following "We found that the ticket you purchased is nonrefundable, and because your travel doesn't fit into one of our eligible refund options, we're unable to refund your ticket" see Exhibit C for copy of email from United Airlines.

8.   On December 30, 2022, Plaintiff received an email from Expedia, in the email Expedia asked Plaintiff to contact Expedia, Plaintiff called Expedia on December 30, 2022, in that call Expedia employee told Plaintiff that Expedia had reached out to United Airlines and that United Airlines told them to tell Plaintiff he would have to go to the United Airlines website and submit a refund request online, Plaintiff told employee that this had been done already and that United Airlines refused to refund, she asked Plaintiff to email copy of the denial email from United Airlines, Plaintiff provided a copy through email, Expedia employee then told Plaintiff that United is the validator of the flight but Alaska would be the one completing the flight, and that she would need what proof I had of flight being cancelled because United and Alaska had not updated their ticket system to show the flight cancelled.

9.   Expedia employee told Plaintiff that nothing showed any scheduled change or any canceled flight, finally, after an hour Expedia employee said she was not able to process any refund because it was out of her hands that United Airlines would be the only one to be able to do a refund at this point and that the times she ran it through the ticket system is showed that the flight was flown and it was "not canceled". This is clearly confusing and Plaintiff was just given the run around, this is why we are all here before this Court.

## JURISDICTION AND VENUE

10. This case arises under the violation of Code of Federal Regulations. The Court has jurisdiction pursuant to 28 U.S.C. 1331, as the case presents substantial federal questions concerning violation of CFR §295.26-Failure to Prompt Refund, §259.8(a)-Failure to Notify of Cancelation, §399.79-Unfair and Deceptive Practices For Failure To Refund Canceled Flight, Breach of Contract, Negligence, Defamation, and Fraud.

11. Venue is proper in this federal district because all of the relevant facts surrounding the Defendants

occurred in San Francisco, California.

## PARTIES

12. At all times here and after mentioned, Plaintiff was and still is a resident of Contra Costa County, State of California. Here and after Plaintiff Manuel Vargas, will be known as Plaintiff.

13. Defendants Expedia, Inc., Here and after Referred to as Expedia, Peter Kern here and after referred to as Kern, Alaska Airlines, Inc., here and after referred to as Alaska, Benito Minicucci here and after referred to as Minicucci, United Airlines, Inc., here and after referred to as United, and Brett J. Hart here and after referred to as Hart.

14. Defendant Expedia is a third-party travel fare seller, and as such is governed under the law by the Code of Federal Regulations.

15. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart are in the business of travel fare sells and providing flights, and as such is governed under the law by the Code of Federal Regulations.

16. The State of California abides by and adheres to these laws of the Code of Federal Regulations, thus establishing the jurisdiction of this honorable Court.

## STATEMENT OF FACTS

17. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart failed to give Plaintiff notice of the canceled flight or a prompt refund and when contacted by Plaintiff, Defendants lied and attempted to deceive Plaintiff by saying it was up to the other party to do a refund. These wrongful actions violated the civil rights of Plaintiff and the laws outlined in Title 14 CFR §295.26-Failure to Prompt Refund, §259.8(a)-Failure to Notify of Cancelation, §399.79-Unfair and committed Deceptive Practices For Failure To Refund Canceled Flight, Breach of Contract, Negligence, Defamation, and Fraud.

18. On December 23rd, 2022, Plaintiff attempted to check in online for his flight scheduled for December 24th, 2022, with Alaska Airlines, through his attempted check in online he got a massage saying flight was canceled (Exhibit B), Plaintiff believed this was in error since he never received an email from either party saying flight was canceled, Plaintiff called Alaska Airlines and the wait was more than four hours to speak to someone.

19. On December 24, 2022, Plaintiff went to San Francisco International Airport to see if flight was really canceled, Plaintiff waited for two hours in line and was told at front desk by Alaska Airlines employee that flight was canceled and after checking for other flights she told Plaintiff that there would be no flights till after January 2, 2023, Plaintiff was offered a refund to which he agreed and the run around began a stated above in introduction, Defendants never made a prompt refund or notified Plaintiff of his flight being canceled prior to him attempting to check in online as required by the Code of Federal Regulations.

## COUNT I
### Violation of Title 14 CFR §295.26-Failure to Prompt Refund
### Against all Defendants

20. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 19 of this complaint, as though fully set forth herein.

21. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart violated Title 14 CFR §295.26 for Failure to Prompt Refund in accordance with CFR by not providing a prompt refund to Plaintiff after Defendants Expedia, Alaska, or United canceled the flight.

**CFR §295.26-Failure to Prompt Refund:**
Air charter brokers must make prompt refunds of all monies paid for charter air transportation when such transportation cannot be performed or when such refunds are otherwise due, as required by 14 CFR 374.3 and 12 CFR part 226 for credit card purchases, and within 20 days after receiving a complete refund request for cash and check purchases.

22. Plaintiff demands judgement for $25,000.00 from each Defendant for failure to provide Plaintiff with a prompt refund, in violation of CFR §295.26.

## COUNT II
### Violation of Title14 CFR §259.8(a)-Failure to Notify of Cancelation
### Against all Defendants

23. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 22 of this complaint, as though fully set forth herein.

24. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart violated Title14 CFR §259.8(a) for Failure to Notify of Cancelation of flight and not notifying Plaintiff of canceled flight.

**CFR §259.8(a)-Failure to Notify of Cancelation:**
Each covered carrier for its scheduled flights to, from or within the U.S. must promptly provide to passengers who are ticketed or hold reservations, and to the public, information about a change in the status of a flight within 30 minutes after the carrier becomes aware of such a change in the status of a flight. A change in the status of a flight means, at a minimum, a cancellation, diversion

or delay of 30 minutes or more in the planned operation of a flight that occurs within seven calendar days of the scheduled date of the planned operation. The flight status information must at a minimum be provided in the boarding gate area for the flight at a U.S. airport, on the carrier's website, and via the carrier's telephone reservation system upon inquiry by any person.

25. Plaintiff demands judgement for $25,000.00 from each Defendant for their failure to notify Plaintiff of the canceled flight, in violation of CFR §259.8(a).

## COUNT III
## Violation of Title 14 CFR §399.79(2)-Unfair and Deceptive Practices For Failure To Refund Canceled Flight
## Against all Defendants

26. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 25 of this complaint, as though fully set forth herein.

27. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart violated Title 14 CFR §399.79(2) for Unfair and Deceptive Practices For Failure To Refund Canceled Flight since their practices to make refunds are deceitful and time consuming as shown herein, and made with intent that consumer will simply give up on getting a refund.

**CFR §399.79(2)-Unfair and Deceptive Practices For Failure To Refund Canceled Flight:**
A practice is "deceptive" to consumers if it is likely to mislead a consumer, acting reasonably under the circumstances, with respect to a material matter. A matter is material if it is likely to have affected the consumer's conduct or decision with respect to a product or service.

28. Plaintiff demands Judgement in the amount of $25,000.00 from each Defendant for their deceptive practices and policies they have in place when a person attempts to get a refund, a violation of CFR §399.79(2).

## COUNT IV
## Breach of Contract
## Against all Defendants

29. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 28 of this complaint, as though fully set forth herein.

30. This claim for breach of contract damages or, in the alternative, specific performance of the contract's refund terms, is based on Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart's breach of their contract of carriage, including its customer service commitment (the "Contract").

31. Plaintiff entered into a contract with Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart

for provision of air travel in exchange for payment, This contract was drafted by Defendants.

32. Plaintiff performed under the contract, specifically, by tendering payment for the airline tickets to Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart and complied with all condition's precedent under the contract.

33. Due to Defendant's Expedia, Alaska, or United cancelation of their flight, Plaintiff was not able to use his airline ticket through no fault of his own and he is not getting the benefit of their bargain with Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart.

34. Under the terms of the contract of carriage drafted by Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart, Plaintiff is entitled to refunds because Alaska canceled his flight and did not rebook Plaintiff on another flight. By failing to provide refunds, Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart have breached their contract of carriage.

35. Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart have further breached their contract of carriage by failing to provide refunds within seven days for canceled tickets purchased with credit cards.

36. As a result of Defendant's breaches of contract, Plaintiff demands Judgement in the amount of $25,000.00 from each Defendant.

## COUNT V
### Unjust Enrichment
### Against all Defendants

37. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 36 of this complaint, as though fully set forth herein.

38. At all times relevant hereto, Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart deceptively marketed and advertised their refund policy, and sold airline tickets to Plaintiff.

39. The airline ticket purchased by Plaintiff did not provide a refund as stated in their policy Contract of Carriage and instead gave Plaintiff the run around when he attempted to get his refund for the canceled flight.

40. Plaintiff conferred a benefit on Defendant's Expedia, Alaska, and United by purchasing their airline tickets and by paying a price premium for them.

41. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart have knowledge of such benefits.

42. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart have been unjustly enriched by retaining the refunds derived from customers purchase of airline tickets, which retention under these circumstances is unjust and inequitable because Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart misrepresented that when a flight is canceled a refund is due within seven days to purchaser. This misrepresentation caused damage to Plaintiff because he would have not purchased airline tickets if the true facts regarding canceled flight refunds was known.

43. Since Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart retention of the non-gratuitous benefit conferred on by Plaintiff is unjust and inequitable, Defendant's Expedia, Kern, Alaska, Minicucci, United, and Hart must pay restitution to Plaintiff for their unjust enrichment.

44. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiffs expense.

45. Plaintiff has been damaged by Defendants' Expedia, Kern, Alaska, Minicucci, United, and Hart's acts of unjust enrichment.

46. Plaintiff demands Judgement in the amount of $25,000.00 from each Defendant.

## COUNT VI
### Negligence
### Against all Defendants

47. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 46 of this complaint, as though fully set forth herein.

48. At all times relevant herein, Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart, acting as travel business and having a contract of carriage, had a duty to exercise reasonable care and skill in accordance with the contract of carriage, including but not limited to giving notice of cancellations and prompt refunds (within seven days) to customers, as in Plaintiffs matter.

49. In taking the actions alleged above, and in failing to provide notice of cancelation and prompt refund, Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart breached their duty of care and skill to Plaintiff in their failure to give notice or prompt refund, and giving Plaintiff excuses and the run around in Plaintiffs attempt to get a refund.

50.  As a direct and proximate result of the negligence and carelessness of Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart as set fourth above, Plaintiff suffered damages, Plaintiff demands Judgement in the amount of $25,000.00 from each Defendant.

**COUNT VII**
**Defamation**
**Against all Defendants**

51.  Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 50 of this complaint, as though fully set forth herein.

52.  By employees for Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart writing on their notes or reports that Plaintiff was a "no show" and that the "flight was flown" and "not cancelled" statements concerning Plaintiff.

53.  These statements are false, employees for Defendants intended to make these statements and in making them, they knew or should have known that Plaintiff, as a customer would be denied his refund.

54.  These statements are defamatory because they carry the meaning that Plaintiff, as a traveler, purposely missed his flight and was lying about the flight being cancelled in order to get a refund.

55.  The false statements set fourth above have been understood to those who saw or heard them to mean that Plaintiff, as a traveler, purposely missed his flight and was lying about the flight being cancelled in order to get a refund.  The opposite is true, Plaintiff did show up for his flight and was told by front desk employee from Alaska Airlines, flight was cancelled.

56.  The words published on Defendants Expedia, Alaska, or United computers notes and reports were stated not as a matter of opinion, but as a matter of fact, and therefore were not protected or privileged in any way.

57.  At no relevant time did Plaintiff ratify or consent to the dissemination of the statements set forth above.

58.  As a proximate result of employees for Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart publication of the false statements set forth above, Plaintiff suffered loss of his reputation, shame, mortification, embarrassment, and humiliation.

59. As the above-described statements were published with malice and oppression and fraud, and based

on animus toward Plaintiff as a customer, an award of exemplary and punitive damages is necessary and appropriate.

## COUNT VIII
### Fraud
### Against all Defendants

60. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 59 of this complaint, as though fully set forth herein.

61. While inducing the Plaintiff to purchase tickets and throughout the contractual relationship between the parties, Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart made representations through their contract of carriage that were materially false, and Expedia, Kern, Alaska, Minicucci, United, and Hart made numerous material omissions.

62. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart, sold to Plaintiff a round-trip ticket with the knowledge that there was no intent to make a refund or make it impossible to get one when a flight is cancelled.

63. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart employees made misrepresentations and omissions included but are not limited to:

   a. Representing to Plaintiff to have a "refund no later than seven days" if flight is cancelled (contract of carriage);

   b. Representing to the Plaintiff that they would be notified if flight is cancelled;

   c. Deliberately failing to make its refund structure clear to consumers (Plaintiff) at the time a refund must be made, especially when consumers (Plaintiff) purchased thickets thorough a third-party vendor;

   d. Deliberately making the attempt to get a refund a complete run around as shown herein, and stating in their reports and notes that Plaintiff was a "no show" that "flight was flown" and "not cancelled" tactics made to not give Plaintiff a refund.

64. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart knew, or acted with reckless disregards for the truth, as to all of the material misrepresentations that are alleged in this complaint.

65. Expedia, Kern, Alaska, Minicucci, United, and Hart knew, or acted with reckless disregard for the trust, as to all of the material omissions alleged in this complaint.

66. Expedia, Kern, Alaska, Minicucci, United, and Hart knew and intended that Plaintiff would rely on

Expedia, Kern, Alaska, Minicucci, United, and Hart's false and misleading representations in Plaintiffs decisions to purchase a round-trip ticket with Expedia, Alaska, or United.

67. Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart knew that Plaintiff would rely on the information provided to them in contract of carriage by Expedia, Kern, Alaska, Minicucci, United, and Hart in Plaintiffs decision to purchase a round-trip ticket with Expedia, Alaska, or United and Defendants intended to influence Plaintiffs decision by omitting material information.

68. Plaintiff reasonably relied on Expedia, Kern, Alaska, Minicucci, United, and Hart's false and misleading representations in deciding to purchase round-trip tickets from Expedia, Alaska, or United.

69. In deciding to purchase a ticket from Expedia, Alaska, or United, the Plaintiff reasonably and justifiably believed that Expedia, Alaska, or United was providing all material information prior to purchasing, and Plaintiffs' decisions were influenced by Expedia, Kern, Alaska, Minicucci, United, and Hart's omissions and malpresentations.

70. The Plaintiff reliance on Expedia, Kern, Alaska, Minicucci, United, and Hart's misrepresentations and/or omissions cause them significant, specific harm and damages, as alleged hereinabove.

71. Plaintiff seeks punitive damages, which it continues as of this date of this filing, and to punish Expedia, Kern, Alaska, Minicucci, United, and Hart for their gross misconduct against the public, including Plaintiff.

## COUNT IX
### Declaratory Relief
### Against all Defendants

72. Plaintiff refers to, and incorporate by reference, the introduction as alleged and 1 through 71 of this complaint, as though fully set forth herein.

73. Plaintiff alleges that an actual controversy exists between the parties sufficient to give rise to a need of declaratory judgment under 28 U.S.C. §2201, which provides as follows:

### 28 U.S.C. §2201. Declaratory Judgement

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and

other legal relations of any interested party seeking such declaration, weather or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgement or decree and shall be reviewable as such.

74. Specifically, Plaintiff seeks a declaratory judgement to declare the policies, practices, procedures, customs and usages of Defendants Expedia, Kern, Alaska, Minicucci, United, and Hart, as they relate to required notice to be given to any cancellation and prompt refunds to be given, to be in violation of CFR §259.8(a), §295.26, and §399.79(2) also to have committed breach of contract, unjust enrichment, negligence, defamation, and fraud.

## REQUEST FOR RELIEF

An actual controversy exists between the parties as to weather the Defendants' policies, practices and customs with regard to their required notice of cancelation to be given and refunds, Defendants have violated the Code of Federal Regulations, Plaintiff demands a Judgement in the amount of $1,200,000 plus all costs of this action along with punitive and exemplary damages based on misrepresentations, waste of time, defamation, and complication in requesting and getting a refund, in the amount of $250,000.00. Plaintiff additionally requests such other relief as the Court deems just and proper. Plaintiff demands a jury hear and try this case.

Dated this December 5, 2023.

Manuel Vargas, Plaintiff

# EXHIBIT A

**Confirmation Code:**
TFAWLO

*Alaska*

**Traveler**

**Manuel Vargas**
  E-Ticket: Not available
  MP#: Not available
  Seats:  SFO-SEA    20A
          SEA-PSC    --

| Flight | Departs | Arrives |
|--------|---------|---------|

**Alaska 559**

Main (L) |                    San Francisco (SFO)        Seattle (SEA)
Nonstop                       Sat, Dec 24                Sat, Dec 24
Distance: 678 mi |            6:00 am                    8:20 am
Duration: 2h 20m

**Alaska 2140**

Main (B) |                    Seattle (SEA)              Pasco/Tri-Cities (PSC)
Nonstop                       Sat, Dec 24                Sat, Dec 24
Distance: 171 mi |            9:15 am                    10:20 am
Duration: 1h 5m
Operated by Horizon Air as AlaskaHorizon
Check in with Alaska Airlines

**Flight**

**The total price for your flight(s) is not available.**

For additional assistance with your reservation, call us at 1-800-252-7522 for assistance.

# EXHIBIT B



## *Alaska* oneworld
### AIRLINES

We're sorry this flight is canceled. Please call us at 1-877-862-4093 or text us at 82008.

# Check-in

Check in for flights with a confirmation code, mileage program number, or e-ticket number.

Departure city

San Francisco, CA (SFO-San Francisco Intl



Confirmation code / MP # / e-ticket #

Tfawlo

# EXHIBIT C

**From:** United Refunds
**Sent:** Wednesday, December 28, 2022 3:26 PM
**To:** Manuel.Meno.Vargas@gmail.com
**Subject:** Your Refund Request

> The linked image cannot be displayed. The file may have been moved, renamed, or deleted. Verify that the link points to the correct file and location.

December 28, 2022

PASSENGER: **MANUEL**
TICKET(S): **0167908209172**
REQUEST ID:**39191359**

Dear Manuel Vargas:

We appreciate your patience while our team reviewed your refund request. We found that the ticket you purchased is nonrefundable, and because your travel doesn't fit into one of our eligible refund options, we're unable to refund your ticket. Please review our eligible refund options for nonrefundable tickets below:

- A significant schedule change of more than 2 hours from the original departure/arrival time
- A flight cancellation where no re-accommodation options were available
- A ticket covered by our 24-hour flexible booking policy

We know that unforeseen life events can affect travel plans. If you requested a refund for an unplanned event, such as a death or serious illness of a traveler or immediate family member, and forgot to add documentation, you may resubmit your request. You can find qualifying unplanned events on our policy page (under Tickets, select Refund request for nonrefundable tickets unplanned event). Please include the pertinent information in the Details box and attach supporting documents to the refund request form so our team members can determine if you qualify for a refund.

**Please remember, you can still use the value of your ticket for future travel with these flexible options:**

• Rebook your travel now and use the value of your original ticket toward a new trip. Change fees may apply.

• Cancel your existing travel and keep the value as a future flight credit that can be used on United or our partner airlines. Change fees may apply.

• Many of our existing tickets are eligible for change fee waivers and extended validity for 24 months from ticket purchase date. View the eligible options for your ticket here.

Book with confidence with our **no change fee** policy on most Economy and premium cabin tickets for travel within the U.S. or between the U.S. and Mexico or the Caribbean effective August 30, 2020.

Thank you for your understanding and for choosing to fly United.

Sincerely,

## United Refunds

Check Refund Status