UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VARGAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPEDIA, INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-06338-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 28, 33, 42 |

Before the Court are Plaintiff's motion to strike Defendant Alaska Airlines' answer, Dkt. No. 28, and Defendants Expedia, Inc.'s and United Airlines, Inc.'s motions to dismiss Plaintiff's complaint, Dkt. Nos. 33 and 42. The Court finds these matters appropriate for disposition without oral argument and deems them submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS IN PART AND DENIES IN PART** the motions to dismiss. The Court **DISMISSES** the federal claims with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **DISMISSES** them without prejudice to refiling in state court. The Court **TERMINATES AS MOOT** the motion to strike.

**I.　BACKGROUND**

Plaintiff Manuel Vargas alleges that he purchased a roundtrip air ticket through Expedia.com ("Expedia") for an Alaska Airlines flight departing on December 24, 2022. Dkt. No. 1 ("Compl.") ¶ 1. When he tried to check in for his flight, an Alaska Airlines representative told him that the flight was cancelled, there were no other available flights, and he would need to contact United Airlines ("United") for a refund of the cost of his ticket. *Id.* ¶ 3. Plaintiff alleges that the various entities involved then sent him back and forth between them as he attempted to obtain a refund: according to Plaintiff, a United representative told him that he would have to

contact Expedia about the refund, but in turn, an Expedia representative said that he could not receive a refund until United confirmed that the flight had been cancelled. *Id.* ¶¶ 3–4.  At one point, an Expedia employee allegedly informed Plaintiff that United continued to describe him in the system as a "no-show" for the flight, rather than the flight being cancelled. *Id.* ¶ 5.  When Plaintiff attempted to contact United, its representatives maintained that the flight was not cancelled, and United later sent Plaintiff a letter stating that the refund was unavailable for this reason. *Id.* ¶¶ 6–7.  When Plaintiff contacted Expedia again, its representative maintained that only United could process the refund because Expedia's system still showed that the flight had not been cancelled. *Id.* ¶ 9.  United maintains that in February 2023 it eventually refunded Plaintiff the full cost of his ticket.[1]

Plaintiff filed his complaint against Expedia and Expedia CEO Peter Kern ("Expedia Defendants"), United and United CEO Brett J. Hart ("United Defendants"), and Alaska Airlines, Inc., and Alaska CEO Benito Minicucci ("Alaska Defendants"), in December 2023.  Compl. ¶ 13.  The complaint brings several claims under the federal aviation regulations, including failure to order prompt refund (14 C.F.R. § 295.26); failure to notify of cancellation (14 C.F.R. § 259.8(a)), and unfair and deceptive practices (14 C.F.R. § 399.79(2)), as well as a separate claim for declaratory relief under 28 U.S.C. § 2201.  *Id.* ¶¶ 20–28, 73–74.  Plaintiff also brings state law claims for breach of contract, unjust enrichment, negligence, defamation, and fraud, and demands a judgment of $1.2 million and $250,000 in punitive damages. *Id.* ¶¶ 29–74.

The Alaska Defendants answered the complaint in May 2024.  Dkt. No. 19.  Plaintiff moved to strike their affirmative defenses.  Dkt. No. 28.  The United Defendants and Expedia Defendants filed motions to dismiss.  Dkt. Nos. 33, 42.  Plaintiff failed to timely oppose both

---

[1] In their motion to dismiss, the United Defendants claim that Plaintiff received a full refund of his ticket price in February 2023.  *See* Dkt. No. 33 at 14.  To support this assertion, Defendants submit an e-mail exchange between Plaintiff and a United representative in which Plaintiff appears to acknowledge that United refunded the cost of his roundtrip ticket to his credit card.  *See* Dkt. No. 33-1.  Plaintiff does not appear to dispute the authenticity of this document or that he received the full refund, but instead argues that his claims are "not for not receiving a refund" but for "not receiving a refund within 20 days."  *See* Dkt. No. 45 at 11.  In any case, as this order will explain, the Court does not have to determine whether this fact is true in order to address the motions to dismiss.

2

motions to dismiss, but subsequently filed oppositions after the Court issued show cause orders. *See* Dkt. Nos. 41, 45, 49, 51.

## II.   MOTIONS TO DISMISS

### A.   Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

A defendant may also challenge the grounds for the Court's subject matter jurisdiction under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). To establish Article III standing, a plaintiff must satisfy three elements: (1) "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) causation—"there must be a causal connection between the injury and the conduct complained of"; and (3) redressability—"it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, citations, and footnote omitted). "At the pleading stage, general

1  factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to

2  dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to

3  support the claim.'" *Lujan*, 504 U.S. at 561.

**B. Discussion**

5  The United Defendants and Expedia Defendants assert several grounds for dismissal, but

6  the Court need only address the ground that is dispositive here: Plaintiff's federal claims fail as a

7  matter of law. As the United Defendants correctly argue, there is no implied private right of

8  action under the federal aviation regulations underlying Counts I, II, and III of Plaintiff's

9  complaint. *See Shrem v. Sw. Airlines Co.*, No. 15-CV-04567-HSG, 2016 WL 4170462, at *3

10 (N.D. Cal. Aug. 8, 2016) (citing *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc.*,

11 958 F.2d 896, 902 (9th Cir. 1992)). The additional provision of the regulations that Plaintiff cites

12 in his opposition to the United Defendants' motion to dismiss, *see* Dkt. No. 45 at 13, similarly

13 does not create any implied private right of action. *See* 14 C.F.R. 250.9(b). Further, declaratory

14 relief is unavailable where a plaintiff lacks a cause of action under a separate statute. *City of Reno*

15 *v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Accordingly, Plaintiff's claims under the federal

16 aviation regulations (Counts I, II, and III) and his "claim" for declaratory relief (Count IX) are not

17 legally cognizable and are therefore **DISMISSED** with prejudice.

18 The claims that remain are Plaintiff's state law claims for breach of contract, unjust

19 enrichment, negligence, defamation, and fraud. A district court may decline to exercise

20 supplemental jurisdiction once it has dismissed the claims over which it has original jurisdiction.

21 *See* 28 U.S.C. § 1367(c)(3). That is the case here, where the Court has dismissed the federal

22 claims on which Plaintiff bases his assertion of federal jurisdiction. *See* Compl. ¶ 10 (alleging

23 federal jurisdiction under 28 U.S.C. 1331, "as the case presents substantial federal questions

24 concerning violation[s] of" the federal claims mentioned above). As such, the Court declines in its

25 discretion to assert supplemental jurisdiction over the purely state law claims that remain and

26 **DISMISSES** them without prejudice to refiling in state court. *See Sanford v. MemberWorks, Inc.*,

27 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are

28 eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotation marks and citation omitted).

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the motions to dismiss, Dkt. Nos. 33 and 42.  The Court **DISMISSES** the federal claims with prejudice and **DISMISSES** the state law claims without prejudice to refiling in state court.  The Court also **TERMINATES AS MOOT** Plaintiff's motion to strike, Dkt. No. 28.  The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff on Plaintiff's federal claims (Counts I, II, III, and IX) and to close the case.

**IT IS SO ORDERED.**

Dated:   11/14/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

5